IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 2:12-cr-104-MHT-TFM |
| | ) | [wo] |
| FRANK J. TEERS | ) | |

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

## I. INTRODUCTION

Pursuant to 28 U.S.C. § 636(b)(1) this case was referred to the undersigned United States Magistrate Judge for review and submission of a report with recommended findings of fact and conclusions of law. The defendants, Paul Hulse, Sr. ("Hulse"), Steven Mock ("Mock"), and Frank Teers ("Teers") (collectively "Defendants"), were charged in an indictment on June 6, 2012, with one count of conspiracy to commit wire fraud and financial institution fraud, six counts of wire fraud, and three counts of financial institution fraud (Doc. 1). Pending before the court is Teers' *Brief/Response in Support re Motion Leave to raise issue of lack of venue and territorial jurisdiction* (Doc. 143) which this Court construes as a *Motion to Dismiss Count 1 of the Indictment for Lack of Venue and Jurisdiction*.

The Court did not convene an evidentiary hearing inasmuch as the issue is one of law and the Magistrate Judge heard arguments on several other motions which provide enough factual background to decide the matter. The Magistrate Judge recommends that the District

Judge **DENY** the *Motion to Dismiss Count 1 of the Indictment for Lack of Venue and Jurisdiction* (Doc. 143).

## II. FACTS

The indictment alleges that over a four-year period, Hulse attempted to obtain several large loans based upon false representations that he is wealthy and owns a large bond portfolio. *See* Doc. 77 at 1. Allegedly Mock, in his capacity as an attorney, and Teers, in his capacity as a stock broker, provided prospective lenders with documents and oral affirmations which gave the lending institutions the impression that Hulse owned bonds which he did not own. *Id.* The indictment avers that Hulse did not own any bonds, nor did he possess any significant assets at the time the alleged representations were made to the lending institutions. *See* Doc. 77 at 2. Defendants unsuccessfully solicited four lending institutions between 2003 and 2005. *Id.* In 2005, Federal Land Bank of South Alabama ("Land Bank") lent Hulse a total of $68.5 million involving two loan transactions based upon the alleged false representations.[1] *Id.* In 2007, Defendants were again unsuccessful in the solicitation of a $350 million loan from a group of loan brokers. *Id.* Each solicitation allegedly involved communications sent from Defendants in the forms of letters and faxes misrepresenting the financial position of Hulse. *See* Doc 64 at 5-6.

The indictment returned on June 6, 2012, charges the Defendants with one count of

---

[1] In August of 2005, Land Bank processed a loan to Defendants in the amount of $30 million. Subsequently in December 2005, Land Bank extended Defendants a $90 million line of credit, of which Defendants withdrew $68.5 million and paid off the initial $30 million loan.

conspiracy to commit wire fraud and financial institution fraud (Count 1), six counts of wire fraud (Counts 2-7), and three counts of financial institution fraud (Counts 8-10). *See* Doc. 77 at 2; *see also* Doc. 1.

The Indictment alleges that defendant Teers and his co-defendants tried to defraud various entities by soliciting loans using non-existent collateral. Allegedly, several targets outside the Middle District of Alabama did not lend money to Teers and his co-defendants but Land Bank, a financial institution within the Middle District of Alabama, fell prey to the scheme to defraud. In sum, Teers argues the Indictment is duplicitous and because of the duplicity a jury might decide there was a scheme to defraud all the entities except Land Bank, yet convict Teers. Teers argues that because none of the other entities are within the Middle District of Alabama, and no acts to defraud the other entities were done in the Middle District of Alabama, a general guilty verdict would be improper for lack of venue if the jury concluded Land Bank was not an object of the scheme and artifice to defraud.

### III. DISCUSSION

It is clear to the Magistrate Judge that the instant motion turns solely on the facts. As a matter of law venue lies within the Middle District of Alabama, if the facts demonstrate and the jury concludes any overt act in furtherance of the alleged scheme and artifice to defraud was done in the Middle District of Alabama. *United States v. Stickle*, 454 F. 3d 1265, 1272 (11th Cir. 2006). The Magistrate Judge issued a Report and Recommendation (Doc. 104) wherein the Magistrate Judge concludes the indictment is not duplicitous. Nothing in the

instant *Motion to Dismiss Count 1 of the Indictment for Lack of Venue and Jurisdiction* (Doc. 143) causes the Magistrate Judge to conclude the Indictment is duplicitous.

The Magistrate Judge concludes the United States is correct to concede that a jury instruction regarding venue is appropriate as the defendant does not concede that the Middle District of Alabama rightly has venue. *United States v. White*, 611 F. 2d 531, 536-537 (11th Cir. 1997). In addition, the Magistrate Judge agrees with defendant Teers and concludes a general verdict of guilty as to Count 1 is inappropriate inasmuch as the jury might conclude one or more defendants are guilty of participating in a conspiracy to defraud various entities other than Land Bank. As a matter of law, if Land Bank was not a target of the conspiracy, venue is not proper in the Middle District of Alabama as to Count 1, even if there was a scheme and artifice to defraud entities other than Land Bank. The Magistrate Judge concludes the attached verdict forms or one similar are sufficient to safeguard the rights of Teers to be tried in the proper venue with respect to Count 1.[2]

### IV. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the District Judge **DENY** the *Motion to Dismiss Count 1 of the Indictment for Lack of Venue and Jurisdiction* (Doc. 143).

It is further ORDERED that the parties file any objections to this Recommendation

---

[2] Counts 2 through 10 contain allegations pertinent only to Land Bank. Land Bank is unquestionably within the Middle District of Alabama thus , if the jury concludes any defendant is guilty of Counts 2 through 10, venue in the Middle District of Alabama is proper.

on or before **February 11, 2013**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

DONE this 28th day of January, 2013.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE

"Attachment 1"

## Sample Jury Verdict Form

### Count 1

We the Jury find the following defendant(s) not guilty:

Paul Hulse, Sr ☐

Steven P. Mock ☐

Frank J. Teers ☐

    So say we all this ___ day of _____, 2013.

                             _____
                              Foreperson

"Attachment 2"

## Count 1

We the Jury unanimously find beyond a reasonable doubt the following defendant(s) guilty of the scheme and artifice to defraud by means of wire communications:

Paul Hulse, Sr ☐

Steven P. Mock ☐

Frank J. Teers ☐

We the Jury unanimously further find beyond a reasonable doubt the scheme and artifice to defraud by means of wire communications had as intended or actual victim(s):

a. Federal Land Bank Association of South Alabama:

 Answer Yes or No   _____

b. Western National Bank:

 Answer Yes or No   _____

c. MetLife:

 Answer Yes or No   _____

d. UBS:

 Answer Yes or No   _____

e. Jeffries & Company, Inc.:

 Answer Yes or No   _____

We the jury unanimously find beyond a reasonable doubt the following defendant(s) guilty of a scheme and artifice to defraud a financial institution:

Paul Hulse Sr. ☐

Steven P. Mock ☐

Frank J. Teers ☐

We the Jury unanimously further find beyond a reasonable doubt the scheme and artifice to defraud had as intended or actual victims the following financial institution(s):

a. Federal Land Bank Association of South Alabama:

    Answer Yes or No _____

b. Western National Bank:

    Answer Yes or No _____

c. MetLife:

    Answer Yes or No _____

d. UBS:

    Answer Yes or No _____

e. Jeffries & Company, Inc.:

    Answer Yes or No

    So say we all this \_\_\_ day of _____, 2013.

_____
Foreperson