IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL ACTION NO. |
| | ) | 2:12cr104-MHT |
| STEVEN P. MOCK | ) | (WO) |

OPINION AND ORDER

This matter is before the court on defendant Steven P. Mock's oral motion to reconsider the court's earlier ruling on cross-examination of government witness James France regarding his involvement in a marijuana crime. Having reconsidered the matter, it is ORDERED that defendant Steven P. Mock's motion is granted, albeit to a limited extent.

***

Under Rule 608(b) of the Federal Rules of Evidence, "the court may, on cross-examination, allow [specific instances of a witness's conduct] to be inquired into if they are probative of the character for ... untruthfulness of ... the witness"; but "extrinsic

evidence is not admissible" to prove the specific instance.

Under that rule, the cross-examination questions "should directly concern the witness's own conduct, not someone else's opinion about his conduct. Suppose that the cross-examiner knows that the witness was fired by a prior employer because the employer discovered that the witness had falsely claimed on his job application that he had worked for three years as a welder. The question 'you lied on your job application, didn't you?' would be proper, whereas 'you were fired for lying on your job application, weren't you?' is questionable.... [T]he latter question ... is equivalent to asking 'when your employer fired you, he said that it was because you lied on your job application, wasn't it?,' a question that seeks to import inadmissible hearsay." Roger Park & Tom Lininger, <u>The New Wigmore, A Treatise on Evidence: Impeachment and Rehabilitation</u> § 3.3 (2013).

Because Rule 608(b) prohibits extrinsic evidence, the cross-examining attorney may not "reveal[] extrinsic evidence in [the] questioning.... For example, the cross-examining attorney is seeking to show that the witness lied about graduating from college, and asks the witness whether the college's records would be wrong if they said he didn't graduate. This kind of questioning should be precluded on grounds that it reveals extrinsic evidence.... Questions that assert the contents of extrinsic documents are also objectionable on grounds of 'assuming a fact not in evidence' or 'lawyer testifying.'" Id.; see also United States v. Davis, 183 F.3d 231, 256-57 & n.12 (3d Cir. 1999) (witness may be cross-examined on prior untruthfulness and dishonest on-the-job misconduct but may not be cross-examined on employer's internal investigation confirming the dishonesty nor may documentary evidence from the investigation be introduced to contradict the witness). By contrast, however, "there is a certain amount of

leakage in the rule that excludes extrinsic evidence....
[T]he existence of the evidence may become known to the jury while documents technically prohibited as extrinsic evidence are ... shown to the witness to refresh memory."
Park & Lininger, supra § 3.3.

Based on that law, the possibility of witness James France's having been dishonest with this court when he earlier, outside the presence of the jury, described his involvement in the marijuana crime is a specific instance of conduct bearing on his character for untruthfulness and it should be allowed to be inquired into on cross-examination. France's testimony at that time, outside the presence of the jury, viewed in the light of the documents defense counsel subsequently produced, appear to show, at least to some extent, a willingness to evade the truth. Moreover, during France's subsequent testimony, this time before the jury, in which he repeatedly evaded acknowledging his fraudulent criminal conduct during more recent years (while acknowledging

that he had, in fact, pleaded guilty to committing that conduct), a character for untruthfulness began to come to light. Viewing the two incidents together, it seems that a pattern emerges. The jury should have the benefit of seeing that same pattern the court witnessed.

Defense counsel may cross-examine France on whether he was dishonest in court when he described his involvement in the marijuana arrest. The court emphasizes that the issue is whether France was dishonest with the court, not whether he was convicted of a crime. But, of course, in order to cross-examine France on whether he was dishonest when discussing his involvement in the crime, it may be necessary to talk about the crime itself. As such, defense counsel may ask France, for example, whether he was arrested for marijuana in the past; whether he discussed that incident in court, outside the presence of the jury; how he described the crime and his involvement in it; and, whether he was honest to the court when so describing.

Defense counsel may show France the documents in counsel's possession in order to refresh France's memory, but counsel may in no way read from the documents or otherwise indicate to the jury what they say. For example, defense counsel may not ask, "Isn't it true that these documents contradict your testimony?" or "Isn't it true that the police think you lied?" or even, "After you've seen these documents, do you still stick to your story?" By contrast, an example of a permissible question would be, "Isn't it true that, even though you claimed the marijuana was several pounds, it was actually over 200 pounds?" But defense counsel may not ask, "Isn't it true the police said it was over 200 pounds?" or "Isn't it true that these documents show that it was over 200 pounds?"

Although defense counsel may show France the documents to refresh his memory, the documents may not be used in any other way. If France sees the documents and

denies having being dishonest with the court, defense counsel must move on.

DONE, this the 28th day of May, 2013.

                                   /s/ Myron H. Thompson
                                 UNITED STATES DISTRICT JUDGE